UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EVERHOME MORTGAGE COMPANY,

                              Plaintiff,                REPORT AND
                                                        RECOMMENDATION
    -against-
                                                        07-CV-98  (RRM)(RML)

CHARTER OAK FIRE INSURANCE
COMPANY, and THE ST. PAUL TRAVELERS
COMPANIES, INC., MANTINA KRAIEM,
and LASALLE BANK NA,

                              Defendant.
-----------------------------------------------------------X
LEVY, United States Magistrate Judge:

        Cross-Claimant LaSalle Bank N.A., now known as Bank of America, as Trustee for JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank, including Mortgage Pass-Through Certificates WMALT Series 2005-1 Trust ("Chase") moves, pursuant to Fed. R. Civ. P. 37, to compel discovery and impose sanctions against defendant Mantina Kraeim. For the reasons stated below, I respectfully recommend that the motion be granted and that judgment be entered against Mantina Kraeim on Chase's cross-claims. I further recommend that Ms. Kraeim be ordered to pay Chase's costs in bringing this motion.

## BACKGROUND

        Plaintiff EverHome Mortgage Company ("EverHome") originally brought this action in Kings County Supreme Court on December 12, 2006. Defendant Charter Oak Fire

Insurance Company ("Charter Oak"), then the sole defendant in this case,[1] removed the action to this court on January 9, 2007. Briefly, EverHome alleges that (1) it is the successor lender on a home equity loan to defendant Mantina Kraiem; (2) the home securing the loan was destroyed by fire; (3) the home was insured by Charter Oak, a subsidiary of St. Paul Travelers Companies, Inc. ("St. Paul Travelers"); (4) Charter Oak and St. Paul Travelers paid $291,336.21 directly to Mantina Kraiem for the fire loss; (5) the check for the insurance proceeds failed to name EverHome as a loss payee; (6) Mantina Kraiem cashed the check but did not use the insurance proceeds to rebuild the property or repay the loan; and (7) EverHome's security for the loan has thus been impaired. (See Amended Complaint, dated Aug. 10, 2009.)

Chase also holds a mortgage on the property at issue, and it has asserted cross-claims against Mantina Kraiem for breach of contract and unjust enrichment. (See Answer, Cross-Claims and Counterclaims, dated June 8, 2010.) Ms. Kraiem has answered the cross-claims, denying Chase's allegations. (See Answer to Cross-Claims, dated July 19, 2010.)

Mantina Kraiem has a history of noncompliance in this case. In May 2008, shortly before she was named as a defendant, I certified this case for contempt proceedings against Mantina Kraiem[2] due to her failure to appear or respond to EverHome's deposition subpoenas and orders of the Court, and for failing to pay imposed sanctions. Judge Mauskopf then held a contempt hearing on January 5, 2009, at the conclusion of which she ordered Mantina Kraiem to appear for a deposition at EverHome's counsel's office. Immediately thereafter,

---

[1] Everhome amended its complaint on August 10, 2009 to, inter alia, add Chase, Mantina Kraiem, and the St. Paul Travelers Companies, Inc. as defendants.

[2] My order also named Oren Kraeim as a contemnor. (See Certification of Contempt, dated May 5, 2008.)

Mantina Kraeim retained counsel, requested an adjournment, and then moved to quash EverHome's subpoenas. That motion was ultimately resolved, and the case then went to mediation. When mediation failed, EverHome amended its complaint to name Mantina Kraeim as a defendant, and the parties entered lengthy settlement negotiations. When those negotiations broke down, discovery resumed, and again Mantina Kraeim failed to respond to discovery requests.

On December 10, 2010, I issued an Order to Show Cause for Mantina Kraeim to explain why she should not be compelled to respond to Chase's outstanding discovery demands and granting Chase leave to move to compel and request possible sanctions. When Mantina Kraeim did not comply, Chase made several good faith attempts to resolve the dispute (see Certification of Douglas J. Bohn, Esq., filed February 3, 2011, ¶¶ 7-8), and then filed a motion to compel. Finally, at a conference before me on April 6, 2011, Ms. Kraeim's counsel, Raymond Cohen, Esq., stated that there would be no opposition to the motion to compel, as his client had ceased responding to his communications and appeared to have no intention of complying with Chase's discovery requests.

## DISCUSSION

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a court "has broad discretion to impose sanctions" when a party engages in discovery misconduct. Fleming v. City of New York, No. 01 Civ. 8885, 2006 WL 2322981, at *5 (S.D.N.Y. Aug. 9, 2006) ("Fleming I") (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)); accord Fed. R. Civ. P. 37(b)(2) & (c)(1); Hollingsworth v. City of New York, Dep't of Juvenile Justice, No. 95 Civ. 3738, 1997 WL 91286, at *2 (S.D.N.Y. Mar. 4, 1997). Sanctions aim "1) to ensure

that the offending party will not be able to profit from the failure to comply; 2) to provide a strong deterrence to the non-compliant party and to others in the public; and 3) to secure compliance with an order." Hudson v. IRS, No. 03 CV 172, 2007 WL 2295048, at *7 (N.D.N.Y. Mar. 27, 2007) (citing Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir.1979); Trehern v. OMI Corp., No. 98 Civ. 242, 1999 WL 47303, at *8 (S.D.N.Y. Feb. 1, 1999)); accord Hollingsworth, 1997 WL 91286, at *2.  When deciding what sanctions to impose, a court must consider, "in light of the full record" of the case, Cine Forty-Second St. Theatre Corp., 602 F.2d at 1068, "'(a) willfulness or bad faith on the part of the noncompliant party; (b) the history, if any, of noncompliance; (c) the effectiveness of lesser sanctions; (d) whether the noncompliant party had been warned about the possibility of sanctions; (e) the client's complicity; and (f) prejudice to the moving party.'" Fleming II, 2007 WL 4302501, at *3 (quoting Am. Cash Card Corp. v. AT&T Corp., 184 F.R.D. 521, 524 (S.D.N.Y. 1999) (citing Jodi Golinsky, The Second Circuit's Imposition of Litigation-Ending Sanctions for Failures to Comply with Discovery Orders, 62 Brook. L. Rev. 586, 596-97 (1996))).  Available sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
> . . . .

> (C) Payment of Expenses. Instead of or in addition to the orders
> above, the court must order the disobedient party, the attorney
> advising that party, or both to pay the reasonable expenses,
> including attorney's fees, caused by the failure, unless the failure
> was substantially justified or other circumstances make an award of
> expenses unjust.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii) & (C); see Fed. R. Civ. P. 37(c)(1); Fleming II, 2007 WL 4302501, at *2-4; Fleming I, 2006 WL 2322981, at *5.

Use of the harshest sanctions "is limited to cases involving 'willfulness, bad faith, or any fault' on the part of the disobedient party." Altschuler v. Samsonite Corp., 109 F.R.D. 353, 356 (E.D.N.Y. 1986) (quoting Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958)); accord Hollingsworth, 1997 WL 91286, at *2; Urban Elec. Supply & Equip. Corp. v. N.Y. Convention Ctr. Dev. Corp., 105 F.R.D. 92, 98 (E.D.N.Y. 1985); see Cine Forty-Second St. Theatre Corp., 602 F.2d at 1064, 1066; see also Handwerker v. AT&T Corp., 211 F.R.D. 203, 209 (S.D.N.Y. 2002) ("[A] party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad fault or fault.") (quotation marks omitted). In particular, the court may dismiss a case or issue a default judgment "to punish litigants whose conduct is sufficiently flagrant to warrant such a sanction and to deter those who might be tempted to engage in dilatory conduct." Altschuler, 109 F.R.D. at 356 (quotation marks omitted); accord Urban Elec. Supply & Equip. Corp., 105 F.R.D. at 97. Although a court should order a default judgment for discovery failures only "in extreme situations," Hollingsworth, 1997 WL 91286, at *3; accord Urban Elec. Supply & Equip. Corp., 105 F.R.D. at 97, "unless Rule 37 [sanctions are] perceived as a credible deterrent rather than a paper tiger, the pretrial quagmire threatens to engulf the entire litigative process." Cine Forty-Second St. Theatre Corp., 602 F.2d at 1064

(quotation marks & internal citations omitted).

After a thorough examination of the full record of the case, I find Mantina Kraeim's actions sanctionable. See Fed. R. Civ. P. 37(b)(2)(A) & (C). Ms. Kraeim has consistently refused to respond to discovery requests and has repeatedly violated court orders. Her attorney has represented to the court that Ms. Kraeim has no apparent intention of complying and has ceased communicating with counsel. I therefore respectfully recommend that Chase's motion be granted and that a default judgment be entered against Mantina Kraeim on Chase's cross-claims. The court has previously imposed lesser sanctions, which proved ineffective. I further recommend that Ms. Kraeim be ordered to pay Chase's attorney's fees and costs incurred in bringing the instant motion.

**CONCLUSION**

For the reasons stated above, I respectfully recommend that a default judgment be entered against defendant Mantina Kraeim on Chase's cross-claims against her and that she be ordered to pay Chase's attorney's fees and costs incurred in bringing the instant motion. Any objections to this report and recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Mauskopf and to my chambers, within fourteen (14) days. Failure to

file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
April 18, 2011