UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EVERHOME MORTGAGE COMPANY,

                Plaintiff,               REPORT AND
                                              RECOMMENDATION
  -against-
                                              07 CV 98 (RRM)(RML)

THE CHARTER OAK FIRE INSURANCE
COMPANY, THE ST. PAUL TRAVELERS
COMPANIES, INC., MANTINA KRAIEM,
and LASALLE BANK, N.A.,

                Defendants.
------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        Plaintiff EverHome Mortgage Company ("plaintiff" or "EverHome") moves to impose a sanction of default judgment against defendant Mantina Kraiem ("Kraiem"). By order dated May 31, 2012, the Honorable Roslynn R. Mauskopf, United States District Judge, referred the motion to me for a report and recommendation. For the reasons stated below, I respectfully recommend that the motion be granted.

**BACKGROUND**

        Plaintiff originally brought this action in the Supreme Court of the State of New York, Kings County, on December 12, 2006. Defendant The Charter Oak Fire Insurance Company ("Charter Oak"), then the sole defendant in this case,[1] removed the action to this court on January 9, 2007. Briefly, EverHome alleges that (1) it is the successor lender on a home equity loan to Kraiem; (2) the home securing the loan was destroyed by fire; (3) the home was insured by Charter Oak, a subsidiary of St. Paul Travelers Companies, Inc. ("Travelers"); (4)

---

[1] EverHome amended its complaint on August 10, 2009 to add a number of additional defendants, including Kraiem.

Charter Oak and Travelers paid $291,336.21 directly to Kraiem for the fire loss; (5) the check for the insurance proceeds failed to name EverHome as a loss payee; (6) Kraiem cashed the check but did not use the insurance proceeds to rebuild the property or repay the loan; and (7) EverHome's security for the loan has thus been impaired. (See Amended Complaint, dated Aug. 10, 2009.)[2]

Kraeim has a history of noncompliance in this case. In May 2008, shortly before she was named as a defendant, I certified this case for contempt proceedings against Kraeim[3] due to her failure to appear or respond to EverHome's deposition subpoenas and court orders, and for failing to pay imposed sanctions. Judge Mauskopf held a contempt hearing on January 5, 2009, after which she ordered Kraeim to appear for a deposition at EverHome's counsel's office. Immediately thereafter, Kraeim retained counsel, requested an adjournment, and then moved to quash EverHome's subpoenas. That motion was ultimately resolved, and the case then went to mediation. When mediation failed, EverHome amended its complaint to name Kraeim as a defendant, and the parties entered lengthy settlement negotiations. When those negotiations broke down, discovery resumed, and again Kraeim failed to respond to discovery requests.

On April 18, 2011, I issued a report and recommendation ("R&R") recommending that a default judgment be entered against Kraeim on the cross-claims of

---

[2] For more detail on the claims and evidence in this case, see Judge Mauskopf's Memorandum and Order, dated March 14, 2012, and EverHome's Memorandum of Law in Support of its Motion to Impose a Default Judgment Sanction, dated May 18, 2012.

[3] My order also named Oren Kraeim as a contemnor. (See Certification of Contempt, dated May 5, 2008.)

defendant LaSalle Bank N.A. ("LaSalle").[4] I found that Kraeim consistently had failed to respond to discovery demands or comply with court orders, and had ceased communicating with her attorney. (See R&R, dated Apr. 18, 2011, at 6.) By order dated September 12, 2011, Judge Mauskopf adopted the R&R and ordered that a default judgment be entered against Kraiem on the cross-claims against her, and that she be ordered to pay LaSalle's attorney's fees and costs.

EverHome now moves for a default judgment against Kraeim, on the ground that she has failed to attend court conferences, respond to discovery demands, or communicate with her counsel. (See Memorandum of Law in Support of Pl.'s Motion to Impose a Default Judgment Sanction, dated May 18, 2012 ("Pl.'s Mem.").)

### DISCUSSION

Under Rule 37 of the Federal Rules of Civil Procedure, the court "has broad discretion to impose sanctions" against a party who has engaged in discovery misconduct. Fleming v. City of N.Y., No. 01 CV 8885, 2006 WL 2322981, at *5 (S.D.N.Y. Aug. 9, 2006) ("Fleming I") (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)); accord Fed. R. Civ. P. 37(b)(2) & (c)(1); Hollingsworth v. City of N.Y., Dep't of Juvenile Justice, No. 95 CV 3738, 1997 WL 91286, at *2 (S.D.N.Y. Mar. 4, 1997). Sanctions aim "1) to ensure that the offending party will not be able to profit from the failure to comply; 2) to provide a strong deterrence to the non-compliant party and to others in the public; and 3) to secure compliance with an order." Hudson v. I.R.S., No. 03 CV 172, 2007 WL 2295048, at *7

---

[4] LaSalle Bank N.A. is now known as Bank of America, as Trustee for JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank, including Mortgage Pass-Through Certificates WMALT Series 2005-1 Trust, and was referred to in my R&R as "Chase."

(N.D.N.Y. Mar. 27, 2007) (citing Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979); Trehern v. OMI Corp., No. 98 CV 242, 1999 WL 47303, at *8 (S.D.N.Y. Feb. 1, 1999)); accord Hollingsworth, 1997 WL 91286, at *2. When deciding what sanctions to impose, a court must consider, "in light of the full record" of the case, Cine Forty-Second St. Theatre Corp., 602 F.2d at 1068, "'(a) willfulness or bad faith on the part of the noncompliant party; (b) the history, if any, of noncompliance; (c) the effectiveness of lesser sanctions; (d) whether the noncompliant party had been warned about the possibility of sanctions; (e) the client's complicity; and (f) prejudice to the moving party.'" Fleming v. City of N.Y., No. 01 CV 8885, 2007 WL 4302501, at *3 (S.D.N.Y. Dec. 7, 2007) ("Fleming II") (quoting Am. Cash Card Corp. v. AT&T Corp., 184 F.R.D. 521, 524 (S.D.N.Y. 1999) (citing Jodi Golinsky, The Second Circuit's Imposition of Litigation-Ending Sanctions for Failures to Comply with Discovery Orders, 62 Brook. L. Rev. 586, 596-97 (1996))). Available sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
> . . . .
> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award

of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii) & (C); see Fed. R. Civ. P. 37(c)(1); Fleming II, 2007 WL 4302501, at *2-4; Fleming I, 2006 WL 2322981, at *5.

Use of the harshest sanctions "is limited to cases involving 'willfulness, bad faith, or any fault' on the part of the disobedient party." Altschuler v. Samsonite Corp., 109 F.R.D. 353, 356 (E.D.N.Y. 1986) (quoting Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958)); accord Hollingsworth, 1997 WL 91286, at *2; Urban Elec. Supply & Equip. Corp. v. N.Y. Convention Ctr. Dev. Corp., 105 F.R.D. 92, 98 (E.D.N.Y. 1985). See Cine Forty-Second St. Theatre Corp., 602 F.2d at 1064, 1066; see also Handwerker v. AT&T Corp., 211 F.R.D. 203, 209 (S.D.N.Y. 2002) ("[A] party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad fault or fault.") (quotation marks omitted). In particular, the court may dismiss a case or issue a default judgment "to punish litigants whose conduct is sufficiently flagrant to warrant such a sanction and to deter those who might be tempted to engage in dilatory conduct." Altschuler, 109 F.R.D. at 356 (quotation marks omitted); accord Urban Elec. Supply & Equip. Corp., 105 F.R.D. at 97. Although a court should order a default judgment for discovery failures only "in extreme situations," Hollingsworth, 1997 WL 91286, at *3; accord Urban Elec. Supply & Equip. Corp., 105 F.R.D. at 97, "unless Rule 37 [sanctions are] perceived as a credible deterrent rather than a paper tiger, the pretrial quagmire threatens to engulf the entire litigative process." Cine Forty-Second St. Theatre Corp., 602 F.2d at 1064 (quotation marks and internal citations omitted).

Here, although Kraeim answered EverHome's complaint on June 8, 2010, she has since repeatedly refused to respond to discovery demands, despite court orders that she do so.

(See Certification of Paris Daskalakis, Esq., dated May 18, 2012, ¶¶ 3, 6–8.) On March 30, 2012, I conducted a telephone conference in this case. Despite plaintiff's email and voicemail messages confirming the conference date and time, Kraeim's counsel of record[5] did not participate in the conference, or otherwise contact the court or plaintiff's counsel.

In sum, after a thorough examination of the full record of this case, I find Mantina Kraeim's actions sanctionable. See Fed. R. Civ. P. 37(b)(2)(A) & (C). She has consistently refused to respond to discovery requests and has repeatedly violated court orders. Her attorney has represented to the court that she has no intention of complying and has ceased communicating with him. I therefore respectfully recommend that EverHome's motion be granted and that a default judgment be entered against Kraeim. I further recommend that Kraeim be ordered to pay EverHome's attorney's fees and costs incurred in bringing the instant motion.

**CONCLUSION**

For the reasons stated above, I respectfully recommend that a default judgment be entered against defendant Mantina Kraeim on plaintiff's claims against her and that she be ordered to pay plaintiff's attorney's fees and costs incurred in bringing the instant motion. Any objections to this report and recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Mauskopf and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

---

[5] Kraiem's attorney, Raymond A. Cohen, Esq., has expressed his intention to withdraw as counsel, but as of this date, he has sought no such relief. Mr. Cohen last appeared in court on April 6, 2011, when he stated that he was not opposing a motion to compel discovery and that his client was no longer communicating with him.

Respectfully submitted,

_____-s-_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      January 15, 2013